No. 640

MEYER v. BEUTLER

Ohio Appeals, 3rd Dist., Putnam Co.

No. 184.   Decided June 11, 1926

276.   CONDITIONAL SALES—Conditional sale vendee not entitled to have tendered back portion of purchase price on default if he is a contractor.

HUGHES, J.

Ben Meyer purchased a Fordson tractor upon the installment plan; more than 25% of the purchase price having been paid before default in payment was made.   William Beutler, having purchased all evidence of indebtedness from the seller took possession of the tractor without returning any portion of the purchase price to Meyer.

Meyer sued Beutler in the Putnam Common Pleas for the purpose of recovering 50% of the amount paid on the purchase price.   Beutler claimed that the tractor had depreciated in value in an amount greater than that paid in; that the tractor was taken with Meyer's permission, to be sold and the proceeds of the sale to be applied to the notes given in the original transaction; and that 8570 GC. was of no avail to Meyer, since he was a contractor within the meaning of this section; and the tender back of a portion of the purchase price was therefore unnecessary.

Both parties moved for a directed verdict and Beutler was favored in his motion.   Error was prosecuted and the Court of Appeals held:

1. The only evidence offered to support the first defense of Beutler was that the tractor would, in the opinion of expert witnesses depreciate in value a certain amount after it had been used as long as the tractor in question had been used.

2. This is not what is contemplated by 8570 GC., for 50% of the money paid in is permitted to be retained to cover depreciation which results from ordinary wear and tear.

3. The evidence shows that the tractor was

taken without Meyer's knowledge and consent.

4. The evidence disclosed that Meyer used the tractor to operate a baleing machine; and in doing this work employed men to assist him, he, Meyer, having charge of the entire process.

5. The record warranted the trial judge in finding as a matter of law that Meyer was a contractor within the terms and meaning of 8570 GC.

6. This being so, Meyer would have no rights accruing to him by virtue of 8570 GC. and judgment of lower court is affirmed.

*Judgment affirmed.*

Attorneys—Albert H. Stramm for Meyer; Weiser & Griffith for Beutler; all of Ottawa.